[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol test after his arrest for operating under the influence of alcohol, as provided in General Statutes 14-227b, (Rev'd 1991). This appeal is brought pursuant to General Statutes 4-183 (Rev'd 1991).
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . ." If the individual refuses to submit to a test, the commissioner must suspend his operator's license. Subsection (f) of section 14-227b provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues:
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating CT Page 462 liquor?
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the commissioner shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the commissioner found all of the issues in the affirmative.
Certain facts are essentially undisputed. On January 20, 1991, the plaintiff was involved in a one-car accident on Interstate Route 91, northbound, in the Hartford area, when the vehicle he was driving hit a bridge abutment on the left side of the highway.[1] Shortly afterward, an off-duty Hartford police officer apprehended the plaintiff as he was walking on the southbound side of the highway and returned him to the accident scene. The state police, who were investigating the accident, thereupon arrested the plaintiff on charges of evading responsibility, a violation of General Statutes14-224, and traveling at an unreasonable speed, a violation of General Statutes 14-218a. During their investigation at the scene, the police found in the plaintiff's vehicle eighteen empty beer cans and an empty pint size bottle p.m. of gin. The plaintiff was bleeding from a cut over his eye but declined the officer's offer to take him to the hospital. He admitted to drinking two beers before the accident. These events took place between approximately 11:25 p.m. and 11:40 p.m. It was raining and the highway was slippery. The plaintiff's vehicle was severely damaged and was towed from the scene.
After arresting the plaintiff for evading responsibility and operating at an unreasonable speed, the state police transported him to the Hartford barracks. The police there administered the so-called "Field Performance (Sobriety) Tests", which, in their opinion, the plaintiff failed. The police then arrested the plaintiff on the charge of driving under the influence of alcohol, a violation of General Statute14-227a. The arrest on this charge occurred at 11:57 p.m. The police then told the plaintiff that they wished to administer a breath test. He refused, saying that he would instead submit to a blood test. The plaintiff was offered the opportunity to call his attorney, but chose instead to call his sister. The police then transported the plaintiff to the hospital, where his injury was treated. The police, acting on behalf of the commissioner, revoked the plaintiff's license pursuant to CT Page 463 General Statutes 14-227b(c) and released him from custody.
The bases of the plaintiff's appeal, as set forth in his brief and at oral argument, are (1) that the commissioner erred in finding that the plaintiff refused to be tested when the evidence showed that he requested a blood test and only refused a breath test; and (2) that there was no probable cause for arresting the plaintiff for evading responsibility and, therefore, the police had no right to detain him while they followed up their suspicions of his drunk driving by administering the field tests at the state police barracks. Therefore, the plaintiff argues, his arrest on the drunk driving charge was illegal and all evidence obtained incidental to that arrest was inadmissible.
The plaintiff's claim with respect to his choice of the blood test cannot be sustained. The applicable statute, section 14-227b(b), clearly gives to the police, not the accused, the right to choose which chemical test to administer, subject only to the proviso that the accused may decline to submit to a blood test. Even in that event, the police may choose between the breath and urine tests. The accused may not, however, override the officer's choice of a breath or urine test.
The plaintiff's claim with respect to the issue of probable cause also may not be sustained. Even assuming, arguendo, that there was no probable cause to arrest the plaintiff and take him into custody on the charge of evading responsibility, the circumstances of this case afforded ample justification for the investigatory detention of the plaintiff as a drunken driving suspect. Such detention is proper, even in the absence of probable cause, if the police have a reasonable and articulable suspicion that a person has committed or is about to commit a crime. State v. Lamme,216 Conn. 172, 184-185 (1990). What constitutes a reasonable and articulable suspicion depends on the totality of the circumstances. State v. Anderson, 24 Conn. App. 438, 441
(1991). In the present case, the record shows that officers knew the plaintiff had been operating the vehicle at the time of the accident; they knew he had consumed at least two beers; he smelled of alcohol; and there were many empty beer cans and a gin bottle in the vehicle. These facts were sufficient to cause the police reasonably to suspect that the plaintiff had committed the crime of driving under the influence and to justify their detaining him for further investigation.
A further question is whether the police were entitled o take the plaintiff to the barracks, essentially in custody, where they administered the pre-arrest drunk driving tests. In CT Page 464 State v. Mitchell, 204 Conn. 187 (1987), the Connecticut Supreme Court adopted the rule established by the United States Supreme Court in United States v. Sharpe, 470 U.S. 675 (1983). Our supreme court held as follows:
 The United States Supreme Court has acknowledged that there may be "difficult line-drawing problems distinguishing an investigative stop from a de facto arrest. Obviously, if an investigative stop continues indefinitely, at some point it can no longer be justified as an investigative stop. But our cases impose no rigid time limitation on Terry stops." United States v. Sharpe, supra, 685. The court in Sharpe continued, setting forth the following test: "In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." Id., 686.
In the present case, evidence in the record most favorable to the plaintiff shows that the police took the plaintiff into custody at a approximately 11:40 p.m. and eventually arrested him on the drunk driving charge at 1:20 a.m., holding his for about one hour and forty minutes. At the time they took him into custody, they were on a busy highway, late at night, the road was slippery and, it may reasonably be inferred, the location was potentially hazardous. The plaintiff was injured and bleeding, and his vehicle was inoperable. The police accident report states that the plaintiff was taken to the barracks "(a)fter the scene was cleared." This involved having the vehicle towed from the scene by a commercial towing company. The police had reasonable grounds also to suspect that the plaintiff was intoxicated. Under those circumstances, the police were fully justified in removing the plaintiff from the scene and taking him to the barracks to continue their investigation even if they had not had probable cause already to arrest him on the evading responsibility charge.[2] And, under these particular circumstances, the one hour and forty minute detention period was not unreasonable. The court finds, therefore, that there was substantial evidence in the record at the administrative hearing to support the conclusion that the police acted diligently and reasonably in pursuing their suspicions of the plaintiff's drunk driving and that they were justified in detaining the plaintiff as they did while they investigated. Indeed, under the circumstances of this case, it would have CT Page 465 been irresponsible for the police to have abandoned their investigation, leaving the plaintiff to fend for himself on the highway. It follows that the plaintiff's contention that his arrest on the drunk driving charge was illegal cannot be sustained.
For all of the above reasons, the appeal is dismissed.
MALONEY, J.